UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RANDY CARL MARSHALL                                                                                    PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:23-CV-117-DPJ-FKB

WARDEN DONALD JACKSON, ET AL.                                                                DEFENDANTS

ORDER

Pro se Plaintiff Randy Carl Marshall alleges that he was injured when Defendants Jackson, Smith, Gray, and McClendon failed to protect him from being assaulted by four inmates on November 24, 2022. Compl. [1] at 4–5; Resp. [12] at 1–3. The incident giving rise to his Complaint occurred while Marshall was housed at the East Mississippi Correctional Facility in the custody of the Mississippi Department of Corrections. Compl. [1] at 4. Marshall filed this suit under 42 U.S.C. § 1983 against Defendants Warden Donald Jackson, Sergeant "Unknown" Smith, Management Training Corporation (MTC), Lieutenant "Unknown" Gray, Major "Unknown" McClendon, the Mississippi Department of Corrections, and John Does. Marshall is proceeding *in forma pauperis*. *See* Order [5]. Having reviewed Marshall's Complaint [1] and Response [12], the Court dismisses the claims against the Mississippi Department of Corrections and MTC.

I.      Discussion

Under the Prison Litigation Reform Act of 1995, "a district court [may] dismiss an *in forma pauperis* prisoner's civil rights claim *sua sponte* if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (citing *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). Marshall's claims fall under § 1983, which provides, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . . thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (emphasis added).

    A.    Defendant Mississippi Department of Corrections

Neither the State of Mississippi nor its agencies are "amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." *Scott v. Miss. Dep't of Corrs.*, No. 2:05-CV-2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)).  The Mississippi Department of Corrections was established under statutory authority as an arm of the state and thus is not considered a "person" under § 1983.  *See* Miss. Code Ann. § 47-5-1. Therefore, Marshall cannot maintain this § 1983 case against the Mississippi Department of Corrections.

    B.    Defendant Management Training Corporation (MTC)

Marshall states in his Response [12] that he "would like to file a notice of voluntary dismissal of Defendant MTC."  Pl.'s Resp. [12] at 2.  Marshall's request is construed as his voluntary dismissal of Defendant MTC.

II.    Conclusion

For the foregoing reasons, Marshall cannot maintain this § 1983 against Defendant Mississippi Department of Corrections and this Defendant will be dismissed.  Marshall's request to voluntarily dismiss Defendant MTC will be granted.

    IT IS, THEREFORE, ORDERED that Defendant Mississippi Department of Corrections is dismissed with prejudice.

    IT IS FURTHER ORDERED that Plaintiff Randy Carl Marshall's request to voluntarily

dismiss Defendant Management Training Corporation (MTC) is granted; Defendant Management Training Corporation (MTC) is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 21st day of December, 2023.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE