UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RANDY CARL MARSHALL                                                          PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:23-cv-117-DPJ-ASH

WARDEN DONALD JACKSON, ET AL.                                           DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court sua sponte following the September 25, 2024 Omnibus Hearing, at which pro se plaintiff Randy Carl Marshall failed to appear. For the reasons explained below, the undersigned recommends that Marshall's case be dismissed.

I.  BACKGROUND

Marshall claims in this lawsuit that his constitutional rights were violated while housed in the East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi. Compl. [1] at 4–5. Marshall filed this conditions-of-confinement case under 42 U.S.C. § 1983. *Id*. at 3. Marshall's Complaint is proceeding against Defendants Warden Donald Jackson, Sergeant Latisha Smith, Lieutenant Darell Grady, Michael McClinton, and John Does. *Id*. at 1–3; Order [15] at 2–3.

On August 23, 2024, the undersigned set this matter for an Omnibus Hearing on September 25, 2024, at 9:00 AM in Courtroom 5D of the Thad Cochran United States Courthouse in Jackson, Mississippi. Order [32]. That Order was mailed to Marshall at his last-known mailing address at 4408 Robinhood Drive, Pascagoula, Mississippi. The envelope containing that Order [32] has not been returned as undeliverable, and the Court has not received further communication from Marshall. The Court's Order [35] subsequently entered on September 18, 2024 that granted Defendants' Jackson, Grady and Smith Motion for an Extension of Exhaustion Motion Deadline also included a reminder that the Omnibus Hearing set for

September 25, 2024 at 9:00 AM would be held as scheduled. That Order [35] was mailed to Marshall at 4408 Robinhood Drive, Pascagoula, Mississippi, and the envelope containing that Order has not been returned as undeliverable. The Court repeatedly notified Marshall in prior Orders and documents that failure to comply with an order of the Court would result in the dismissal of this civil action. Order [35] at 1–2; Order [31] at 2; Order [17] at 3; Order [9] at 3; Order [7] at 2–3; Order [5] at 2; Notice of Assignment [1-2] at 1.

On September 25, 2024, at 9:10 AM the hearing commenced as scheduled by the Order [32] entered on August 23, 2024. Defendants Jackson, Smith, and Grady appeared through counsel. The undersigned noted that Marshall was not present in the courtroom and asked the law clerk to call Marshall's name three times in the hall outside the courtroom. Marshall's name was then loudly called three times in the hallway outside the courtroom without a response. Marshall did not appear for the hearing as ordered, nor did he contact the undersigned's chambers regarding his failure to appear.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays

in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. "[T]rial courts must be allowed leeway in the difficult task of keeping their dockets moving. Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (affirming sua sponte dismissal of former prisoner's pro se civil action for his failure to appear at a status conference).

Marshall's last action in this case was when he filed a Response [29] on July 22, 2024, that provided the Court with his current mailing address. Marshall did not appear at the Omnibus Hearing held on September 25, 2024, and he has not contacted the Court to inquire or otherwise communicate about this case. Marshall was notified by the Court – and warned – on at least seven occasions that his failure to comply with a Court order could result in the dismissal of this case. *See* Orders [35] [31] [17] [9] [7] [5]; Notice of Assignment [1-2].

As the record demonstrates, Marshall has been warned several times that his failure to comply would result in the dismissal of this case. The Court's repeated warnings reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Additionally, there is nothing in the record to suggest that further warnings will be effective. It is apparent that Marshall no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed, without prejudice, for Marshall's failure to prosecute. Additionally, the undersigned also recommends that this civil action be dismissed, without prejudice, for Marshall's failure to

comply with the Court's prior orders, including appearing at the September 25, 2024 Omnibus Hearing.

## IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[1] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

RESPCTFULLY SUBMITTED, this the 25th day of September, 2024.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).